This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                    **No. 31,976**

**ARTHUR ARAGON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Aragon appeals an order revoking his probation. In this Court's notice of proposed summary disposition, we proposed to affirm. Aragon has responded with

a memorandum in opposition, which we have duly considered. As we do not find his arguments persuasive, we affirm.

Aragon contends that his due process right to confront the witnesses against him were violated when his San Juan County probation officer testified to the contents of an Albuquerque probation officer's report. [DS 3-4] In our notice of proposed summary disposition, we proposed to conclude that this issue had not been properly preserved for appeal. In Aragon's memorandum in opposition, he asserts that the issue was in fact preserved. We will assume, without deciding, that he properly preserved the issue for appeal and address the merits of his arguments.

In our notice, we proposed to hold that even if Aragon had preserved his due process argument, the claim of error would not warrant reversal on appeal. In Aragon's memorandum in opposition, he states that reversal is warranted pursuant to *State v. Guthrie*, 2011-NMSC-014, 150 N.M. 84, 257 P.3d 904, because the district court did not have good cause to deny him the right to confront the Albuquerque probation officer. [MIO 14] In support of this argument, he states that the primary reasons for revocation discussed at the hearing were his failure to complete the Sobriety House program and his failure to report to his probation officer. [MIO 14-15] He points out that the San Juan County probation officer had no first-hand knowledge of either fact. [MIO 14] He asserts that the determinations that he failed

to complete the program and that he failed to make contact with his probation officer required the type of subjective, judgment-based conclusions that demand confrontation. [MIO 14] And he asserts that "much would have been gained" by the live testimony of his Albuquerque probation officer, "because she possessed the key evidentiary information and was the only person with first-hand knowledge of that critical proof." [MIO 15]

We are not persuaded. Pursuant to *Guthrie*, our inquiry in determining whether good cause existed for not requiring confrontation is "the need for, and utility of, confrontation with respect to the truth-finding process and in light of the particular case at hand, including the specific charge pressed against the probationer." *Id.* ¶ 43. Because due process "is flexible and calls for such procedural protections as the particular situation demands[,]" the determination of good cause, "is based on a case-by-case analysis." *Id.* ¶ 33 (internal quotation marks and citation omitted). Under *Guthrie*, our courts are to consider: (1) whether "the assertion [is] central to the reasons for revocation[] or . . . collateral," *id.* ¶ 34; (2) whether "the assertion [is] contested by the probationer, or is the state merely being asked to produce a witness to establish something that is essentially uncontroverted," *id.* ¶ 34; (3) whether the assertion is "inherently reliable," *id.* ¶ 36; (4) whether the testimony is the sort of testimony that the declarant would only remember by reference to her records even

if she were to testify in person, *id.* ¶ 37; and (5) whether the declarant's observations are subjective or objective. *Id.* In applying these standards, *Guthrie* held that confrontation was not required when: (1) the defendant did not contest the state's allegation that he had failed to complete his treatment at the rehabilitation center; (2) the defendant failed to offer any evidence to mitigate his failure to abide by his probation requirements; (3) the failure to complete residential treatment was an objective, negative, and routine fact; and (4) there was no known motive of the probation officer to fabricate or deceive the court. *Id.* ¶¶ 45-47.

Here, although Aragon contested the assertion that he did not complete the Sobriety House program, he admitted that he did not report to his probation officer for a month after he left the program. Therefore, this basis for revocation was uncontested. Furthermore, we note that it was the failure to report, rather than the failure to complete the program, that was central to the district court's decision. At the hearing, the district court stated that it needed confirmation from the Albuquerque probation officer that Aragon did not in fact complete the treatment program. [MIO 6; RP 93] The district court pointed out that Aragon claimed that the program was only ninety days. [RP 94] Then the State argued that not only did he leave the program early, but he also failed to report to his probation officer for over a month which also constituted a violation. [RP 94] The district court stated that "that sounds

4

like a violation to me." [RP 94] When asked by the district court, defense counsel conceded that Aragon did not report for "almost a month." [RP 94] After this exchange, the district court found that Aragon violated his probation conditions. [RP 94] In the district court's order, it stated that Aragon admitted at the hearing that he violated his conditions of probation. [RP 96] Since Aragon did not admit that he failed to complete the Sobriety House program, but did admit that he failed to contact his probation officer for a month, it was Aragon's admitted failure to report, rather than the allegation that he failed to complete the program, that was central to the revocation.

Aragon did not offer any evidence to mitigate his failure to report. Although his attorney represented that Aragon did not know whom to contact [RP 94], it does not appear that Aragon testified or presented any other evidence that he did not know whom to contact. Furthermore, the fact that he contacted his probation officer after a month had passed suggested that he either did in fact know or reasonably could have discovered whom he was required to contact. Accordingly, we conclude that the district court did not err in refusing to consider the claim that Aragon did not know whom to contact as mitigating evidence under the facts of this case. Aragon's failure to report was an objective, negative, and routine fact of the kind that a probation officer would likely only remember by reference to her reports, *see id.* ¶¶ 31, 32, 39

(stating that the failure to report is an objective fact not requiring interpretation and that the failure to be in a particular place is the kind of objective, negative, and routine fact that can generally be demonstrated without confrontation), and there was no known motive of either probation officer to fabricate or deceive the district court. Therefore, under the specific facts of this case, the district court had good cause for not requiring Aragon to cross-examine the Albuquerque probation officer.

Accordingly, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**J. MILES HANISEE, Judge**